UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **BILLY P. YORK,** | ] |
| Plaintiff, | ] |
| vs. | ] CV 10-J-3208-NE |
| **MICHAEL J. ASTRUE,** **Commissioner of the Social Security Administration**, | ] |
| Defendant. | ] |

**MEMORANDUM OPINION**

This matter is before the court on the record and the briefs of the parties. The court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking reversal and remand of the final decision of the Commissioner. All administrative remedies have been exhausted.

The plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on June 30, 2008, alleging an inability to work since January 2009[1] (R. 38, 63), due to high blood pressure, back pain, muscle spasms, arthritis in his arm and knee, anxiety and eye infections (R. 118). The application was denied by an Administrative Law Judge on May 19, 2010 (R. 23). The ALJ's determination became the final decision when the Appeals Council denied the plaintiff's request for review (R. 1-3).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the correct legal

---

[1] The plaintiff originally claimed an onset date of December 15, 2007, but amended it due to earnings in 2008 (R. 38, 63, 113).

standards were applied.  *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir.1983).  This court may not decide facts anew, reweigh evidence or substitute its judgment for that of the Commissioner.  *Wolfe v. Chater*, 86 F.3d 1072, 1076 (11th Cir.1996).

The evidence before the court reveals that the plaintiff was born December 15, 1969, and completed the sixth grade (R. 34, 36).  The plaintiff testified he completely quit working in 2009 because he would have "knots come up in my leg, and it just throws me to the ground..." (R. 38).  His doctor told him it was muscle spasms (R. 38).  He further complains his arms and legs lock up about twice a month for 15 or 20 minutes at a time, causing "excruciating, crying pain (R. 39-40, 44).  Because of this he had an ultrasound to check for blood clots, but the testing was negative (R. 41).  The plaintiff alleged he cannot sit more than 10 or 15 minutes because of back pain, can only walk 25 or 30 feet, and cannot stand for any length of time due to pain (R. 44, 46).  He is unable to bend over to tie his shoes (R. 47).

The medical records in evidence are sparse and mostly undecipherable.  Although plaintiff's physician had opined that the plaintiff is completely disabled, the medical records provide little to no support for this conclusion (R. 172).  Dr. Reddy repeatedly notes anxiety and arthritis (R. 181, 183, 184, 189, 218, 219, 222, 224, 229), but there is no evidence in support of a finding that any of them, alone or in combination, are of disabling severity.  In completing a form , Dr. Reddy noted that the plaintiff would suffer indefinitely, but listed limitations of only bending, lifting or standing/sitting for long periods (R. 214).

A consultative examination neither contributed to, nor detracted from, Dr. Reddy's findings.  The examiner noted the plaintiff complained of lower back pain radiating into his legs, pain in his right hip and pain in his knee, causing difficulty in walking and strenuous

work, and further noting that the plaintiff stated pain medication helped control the pain (R. 233). Dr. Ismail noted mild back spasms, but normal gait, and some reduced flexion, but normal grip strength (R. 235). He concluded that the plaintiff suffered from chronic back pain, possible degenerative disc disease, knee pain, possible osteoarthritis, anxiety and hypertension (R. 235). Prior x-rays of the plaintiff's back support these diagnoses, finding both mild degenerative disc disease and mild osteoarthirits at the L5-S1 level (R. 246). Dr. Reddy's records from this time period support similar findings, noting that "walking more dif. meds help him to get around and work some" (R. 250), and reflecting chronic low back pain and lower extremity pain (R. 251).

The plaintiff asserts solely that the ALJ failed to consider the plaintiff's non-exertional impairments of anxiety and depression properly, concluding that they posed no more than mild restrictions in plaintiff's mental functioning. Plaintiff's brief at 7. However, the ALJ found that the record was devoid of any evidence of more than mild restrictions (R. 18).

The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision. Accordingly, the decision of the Commissioner must be affirmed.

Done, this 9th day of June, 2011.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE